UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB and FRIENDS OF THE WEST SHORE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TAHOE REGIONAL PLANNING AGENCY,<br><br>　　　　Defendant. | No.  2:13-cv-00267 JAM EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF THE CLERK'S ACTION TAXING COSTS** |

　　This matter is before the Court on Plaintiffs Sierra Club and Friends of the West Shore's ("Plaintiffs") Motion for Review of the Clerk's Action Taxing Costs (Doc. #64).  Defendant Tahoe Regional Planning Agency ("Defendant" or "TRPA") opposes Plaintiffs' motion (Doc. #70) and Plaintiffs filed a reply (Doc. #72).  For the following reasons, Plaintiffs' motion is DENIED.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 23, 2014.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 2013, Plaintiffs brought an action against Defendant for declaratory and injunctive relief.  As the matter concerned an administrative agency's action, resolution of the case required the compilation and production of a complete administrative record.  On June 17, 2013, this Court concluded that an administrative rule passed by Defendant's Governing Board ("TRPA Rule 10.6.2") was valid and required Plaintiffs to pay the cost of compiling and copying the administrative record in this case.  However, the Court's June 17, 2013 Order did not address whether TRPA Rule 10.6.2 was consistent with Rule 54 of the Federal Rules of Procedure ("FRCP"), and 28 U.S.C. § 1920, which ultimately govern awards of litigation costs to the prevailing party.  Order at 9 (noting that, "regardless of which party pays the administrative record's cost, the prevailing party will be able to recover these costs *to the extent permissible* under Federal Rule of Civil Procedure 54, 28 U.S.C. 1920, and the case law interpreting this rule and statute") (emphasis added).

On July 2, 2013, Plaintiffs paid $42,000 to Defendant, pursuant to an initial estimate of the administrative record cost.  Park Dec. ¶ 2.  On October 7, 2013, Defendant sent Plaintiffs a final invoice for the administrative record, requesting an additional $12,706.74 based on the actual number of hours spent and costs incurred in preparing the record.  Park Dec., Ex. A.  Plaintiffs disputed this charge, arguing that the invoice contained insufficient detail to determine whether the costs were proper under TRPA Rule 10.6.2.  Park Dec., Ex. D.  However Plaintiffs and Defendant ultimately agreed that

1  Plaintiffs would provide timely payment of the balance on the
2  invoice, less $937.50 in disputed overtime charges.  Park Dec.,
3  Ex. D.  On December 18, 2013, Plaintiffs paid $11,769.24 to
4  Defendant.  Plaintiffs note that they did so "[t]o avoid any
5  delay in resolving plaintiffs' action[.]"  Mot. at 4.
6     On April 7, 2014, the Court denied Plaintiffs' motion for
7  summary judgment, granted Defendant's cross-motion for summary
8  judgment, and entered judgment against Plaintiffs.  Doc. #56.  On
9  April 21, 2014, Defendant filed a bill of costs claiming $518.48
10 in fees for producing excerpts of the administrative record for
11 the court.  Doc. #58.  On May 2, 2014, the Clerk taxed Plaintiffs
12 that amount.  On May 9, 2014, Plaintiffs filed a motion for
13 review of the Clerk's action taxing costs pursuant to FRCP 54 and
14 Local Rule 292(e).  Doc. #64.
15
16                        II.   OPINION
17    A.   Governing Law and Legal Standard
18     FRCP 54(d) provides that, "[u]nless a federal statute, these
19 rules, or a court order provides otherwise, costs--other than
20 attorney's fees--should be allowed to the prevailing party. . . .
21 The clerk may tax costs on 14 days' notice. On motion served
22 within the next 7 days, the court may review the clerk's action."
23 Fed. R. Civ. P. 54(d).  In relevant part, 28 U.S.C. § 1920
24 provides that "[a] judge or clerk of any court of the United
25 States may tax as costs . . . [f]ees for exemplification and the
26 costs of making copies of any materials where the copies are
27 necessarily obtained for use in the case[.]"  28 U.S.C.
28 § 1920(4).  A district court's award of costs is reviewed for

                                3

1  abuse of discretion.  Garland v. City of Seattle, 1 F. App'x 720,
2  721 (9th Cir. 2001)
3       B.   Discussion
4            1.   Procedural Issues
5       Defendant argues that the Court is procedurally barred from
6  considering Plaintiffs' motion for a number of reasons.  First,
7  Defendant argues that the Court lacks jurisdiction over the
8  matter because Plaintiffs have filed a Notice of Appeal (Doc. #6)
9  to the Ninth Circuit.  Opp. at 3.  Plaintiffs acknowledge that
10 they have appealed the Court's June 17, 2013 Order, but maintain
11 that their current motion raises "new issues that the Court has
12 never considered before and could not have decided [in its June
13 17, 2013 Order]."  Reply at 1.
14      It is well-settled law that, once an appeal is filed, "the
15 district court is divested of jurisdiction over the matters being
16 appealed."  Natural Res. Def. Council, Inc. v. Sw. Marine Inc.,
17 242 F.3d 1163, 1166 (9th Cir. 2001).  However, the filing of an
18 appeal only divests the district court of jurisdiction over
19 "those aspects of the case involved in the appeal."  Griggs v.
20 Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)
21      Plaintiffs have appealed "all interlocutory orders and
22 decisions [in this matter, including] the Order Granting
23 Defendants Motion to Dismiss in Part and Denying in Part, Docket
24 No. 18 (June 17, 2013)."  Notice of Appeal (Doc. #60) at 1.  In
25 its June 17, 2013 Order, the Court found that Defendant had the
26 authority to adopt TRPA Rule 10.6.2, which required Plaintiffs to
27 pay the fee for the administrative record in this case.  Order at
28 9.  However, the Court noted that, "regardless of which party

4

pays the administrative record's cost, the prevailing party will be able to recover these costs to the extent permissible under Federal Rule of Civil Procedure 54, 28 U.S.C. 1920, and the case law interpreting this rule and statute." Order at 9. Accordingly, the Court did not address the main issue raised by Plaintiffs' motion: whether the administrative record costs charged by Defendant are ultimately recoverable under FRCP 54 and § 1920.  Therefore, to the extent that Plaintiffs argue that the costs charged by Defendant are not recoverable under FRCP 54 and § 1920, the Court retains jurisdiction to consider their motion. However, to the extent that Plaintiffs' motion asks the Court to address the validity of TRPA Rule 10.6.2, the Court lacks jurisdiction due to the pending appeal.

    Defendant next argues that Plaintiffs are barred from challenging the Clerk's action because they failed to file timely objections to Defendant's bill of costs, pursuant to Local Rule 292(c).  Opp. at 4.  Plaintiffs respond that they "did not need to first raise the issues at bar with the Clerk," because the Clerk did not have the authority to "order[] reimbursement of costs already paid."  Reply at 4, n.1.  Plaintiffs acknowledge that the "specific costs claimed [in the bill of costs] are taxable under 28 U.S.C. § 1920," but maintain that the administrative record costs previously paid are not taxable under FRCP 54 and § 1920.

    Local Rule 292 provides the rules for taxing costs by the prevailing party.  Local Rule 292(c) provides that the party against whom costs are claimed "may . . . file specific objections to claimed items with a statement of grounds for

objection." Local Rule 292(e) provides that "[o]n motion filed and served within seven (7) days after notice of the taxing of costs has been served, the action of the Clerk may be reviewed by the Court[.]" On its face, Local Rule 292 does not prohibit a party from filing a motion under subsection (e), when it has failed to file objections under subsection (c). Under the unique circumstances of this case, where Plaintiffs do not object to the specific charges in the bill of costs, but to pre-paid administrative record costs, the Court finds that Plaintiffs' failure to file objections under Local Rule 292(c) is not fatal to their 292(e) motion.

Moreover, although Plaintiffs do not challenge the specific costs taxed by the Clerk on July 2, 2014, the Court finds that Plaintiffs' motion is properly before the Court. Motions under Local Rule 292(e) are traditionally used to challenge the propriety of costs taxed under FRCP 54 and § 1920, and the Court's June 17, 2013 Order indicated that the non-prevailing party would be able to bring such a motion. Consistent with the Court's June 17, 2013 Order, Defendant is only entitled to retain Plaintiffs' payment for the administrative record *if* those costs are taxable under FRCP 54 and § 1920. Otherwise, those costs must be refunded to Plaintiffs. A Rule 292(e) motion is the appropriate vehicle to bring this issue before the Court.

Defendant also argues that Plaintiffs are procedurally barred from bringing their motion because they did not exhaust their administrative remedies by appealing "the reasonableness of staff's invoice of record preparation costs to the TRPA Governing Board." Opp. at 5. Defendant supports this argument with a

1    single citation to a similar case, in which the district court
2    dismissed a claim because Plaintiffs had failed to first raise
3    their objection with Defendant.  <u>Sierra Club v. Tahoe Reg'l</u>
4    <u>Planning Agency</u>, 916 F. Supp. 2d 1098 (E.D. Cal. 2013).  However,
5    there is no support for Defendant's position that the exhaustion
6    requirement applies to disputes over costs under FRCP 54 and
7    § 1920.  Accordingly, Plaintiffs' failure to appeal Defendant's
8    invoice to the TRPA Governing Board does not bar its current
9    motion.
10        Defendant also argues that Plaintiffs' "attack on Rule
11   10.6.2 is time-barred."  Opp. at 5.  However, as discussed above,
12   Plaintiffs are not challenging the validity of TRPA Rule 10.6.2,
13   but rather are arguing that the administrative record costs are
14   not ultimately recoverable under FRCP 54 and § 1920.  For the
15   same reason, Defendant's argument that Plaintiffs' request for
16   reconsideration under FRCP 60(b) is time-barred is misplaced.
17   Opp. at 6.  Plaintiffs do not ask the Court to reconsider its
18   June 17, 2013 Order, but to address an issue that was implicitly
19   left open in that Order.
20            2.   <u>Merits</u>
21        Plaintiffs argue that "the bulk of [the administrative
22   record cost] includes costs that are not taxable under § 1920,"
23   because they involve "intellectual effort," rather than the
24   physical preparation and duplication of documents.  Mot. at 9
25   (citing <u>Zuill v. Shanahan</u>, 80 F.3d 1366 (9th Cir. 1996)).
26   Plaintiffs further argue that the burden is on Defendant to show
27   that the administrative record costs are reasonable.  Reply at 9.
28   Plaintiffs contend that Defendant has failed to provide an

                                    7

1 adequately detailed itemization of the administrative record
2 costs, such that the Court cannot find that Defendant has met its
3 burden.  Reply at 10.  Defendant argues that the $53,769.24 cost
4 of preparing the 150,000 page administrative record is
5 reasonable, given prior administrative record costs awarded in
6 other cases.  Opp. at 8.
7     Generally, the "prevailing party must itemize its costs with
8 enough detail to establish that they are taxable under § 1920."
9 eBay Inc. v. Kelora Sys., LLC, 2013 WL 1402736 at *3 (N.D. Cal.
10 Apr. 5, 2013).  However, the circumstances of this case are
11 unique, because Plaintiffs prepaid the administrative record fee
12 to Defendant, in order to expedite the litigation.  After an
13 initial disagreement as to whether the final October 7, 2013
14 invoice was adequately detailed, the parties came to an informal
15 agreement: Plaintiffs provided timely payment of the entire
16 administrative record cost, in exchange for Defendant's waiver of
17 $937.50 in disputed overtime charges.  In so doing, Plaintiffs
18 declined to challenge the final invoice as insufficiently-
19 detailed.  It would be decidedly unfair to allow Plaintiffs to
20 induce Defendant to proceed in the lawsuit through full payment
21 of the administrative record cost, and then, later, to challenge
22 the level of detail in the invoice as insufficient.  By failing
23 to make this argument prior to payment, Plaintiffs did not waive
24 their right to ensure that the administrative record costs are
25 taxable under FRCP 54 and § 1920.  However, they cannot now
26 contend that Defendant's invoice is insufficiently detailed to
27 allow the Court to make this determination.  Accordingly, the
28 Court's inquiry is limited to whether the final October 7, 2013

8

invoice was facially unreasonable, or clearly charged Plaintiff for non-taxable costs.

Under § 1920, taxable costs include "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The cost of compiling and copying the administrative record falls within the scope of § 1920(4). Conservation Cong. v. U.S. Forest Serv., 2010 WL 2557183 at *1 (E.D. Cal. June 21, 2010). For the considerable task of compiling and copying the 150,000 page record in this case, the total cost of $53,769.24 is not facially unreasonable. See California Oak Found. v. Regents of Univ. of California, 188 Cal.App.4th 227, 295 (2010) (upholding an award of $51,442.63 in costs for preparing a 40,000 page administrative record).

Nor is there evidence that the final October 7, 2013 invoice included non-taxable costs. Although Plaintiffs contend that the administrative record cost improperly included charges for intellectual effort such as privilege review, there is evidence to the contrary. In a December 13, 2013 email, Defendant's General Counsel represented that "no attorney time was billed for privilege review." Park Dec., Ex. D. Similarly, in a June 28, 2013 email, another attorney for Defendant represented that "a privilege review of the assembled record is not included in the [initial administrative record estimate]." Park Dec., Ex. B. Furthermore, although Plaintiffs argue that shipping costs are not taxable under § 1920, the Ninth Circuit case cited by Plaintiffs does not support this proposition. Mot. at 10 (citing Grove v. Wells Fargo Fin. California, Inc., 606 F.3d 577 (9th

9

1  Cir. 2010)). In <u>Grove</u>, the Ninth Circuit merely noted, in
2  describing the factual background of the case, that the district
3  court had included "the cost of postage" in its calculation of
4  non-taxable costs under § 1920. <u>Grove</u>, 606 F.3d at 579. No
5  further discussion of shipping costs followed, and the Ninth
6  Circuit ruled on unrelated grounds. <u>Grove</u>, 606 F.3d at 582.
7  Plaintiffs have not shown that shipping costs are outside the
8  scope of § 1920. The October 7, 2013 invoice, on its face, does
9  not indicate that Plaintiffs were billed for any costs other than
10 those recoverable under § 1920.
11     As the total administrative record cost is reasonable, and
12 Plaintiffs were not improperly charged for costs outside the
13 scope of FRCP 54 and § 1920, the award of costs to Defendant was
14 proper. For all of the above reasons, Plaintiffs' motion is
15 DENIED, and Defendant is entitled to retain Plaintiffs' payment
16 of the administrative record costs.

                            III.  ORDER

     For the reasons set forth above, the Court DENIES
Plaintiffs' Motion for Review of the Clerk's Action.
     IT IS SO ORDERED.
Dated: July 30, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

10